EVANSVILLE, RUSSELLVILLE & OWENSBORO RAILROAD COMPANY *v.*
LOUISVILLE BANKING COMPANY.

**Principal and Agent—Ratification of Agent's Act.**

> A principal with full knowledge of all the facts is bound at the earliest reasonable moment to disavow the unauthorized act of his agent; otherwise in a case where a third person may sustain loss the act will become his own.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 26, 1876.

OPINION BY JUDGE LINDSAY:

We do not deem it necessary to determine whether the evidence preponderates in favor of the conclusion that the $25,000 in bonds left by Weir with the banking company for sale, were by oral contract pledged as collaterals to secure the payment of the $15,000 note.

At the time Bevier made and delivered the second note, he was apprised of the fact that Harris claimed that these bonds had been so pledged, and he also knew that Weir controverted this claim. Whilst Bevier may have been in some degree influenced to act by the assurance of Harris that he was merely renewing the contract of Weir, he did not act in ignorance of the fact that Weir denied that these bonds or any of them were included in said contract. Nor does it appear that Harris attempted to mislead him as to Weir's version of the transaction. We cannot, therefore, adjudge that the court below erred in holding that Bevier is bound to the banking company as indorser of the note.

Prior to December 26, 1872, when the original note was renewed, the railroad company had not finally determined to treat the refusal of the banking company to surrender these bonds upon the order of its president, as a conversion. The question as to the rights of the two parties remained open, and Bevier, as the agent of the railroad company, was authorized to make terms of some kind with the banking company, and thereby to avert the proposed sale of the bonds, which had undoubtedly been pledged, and to prevent the institution of the threatened proceedings in the court of bankruptcy. It may be that Bevier exceeded his authority in agreeing that the banking company should retain the possession of the unsold bonds theretofore in dispute, and sell them and apply the proceeds of sale to the payment of the renewal note, but if he did his action in this regard was ratified by Weir, the president of the railroad company. The

contract with Bevier was consummated at the latest on the 25th of December, 1872. The banking company telegraphed to Weir, giving him full information, and asking whether or not he approved the arrangement. To this telegram he sent no immmediate reply except that he would write when he heard from Bevier. Within ten days at the utmost he was fully advised by Bevier of his action in the matter, and the old note which had been taken up under the new agreement was delivered to him.

If he did not intend to ratify what Bevier had done, it was his imperative duty at once to notify the banking company of his determination. A principal with full knowledge of all the facts is bound at the earliest reasonable moment to disavow the unauthorized act of his agent; otherwise in a case where a third person may sustain loss the act will become his own. 1 Chitty on Contracts 291; 2 Kent's Com. 216.

In this case the alleged unauthorized act of Bevier prevented the sale of the $22,000 of bonds which the banking company had advertised. It prevented the said banking company from instituting suit in the bankrupt court. It caused the company to rest upon the securities which were every day diminishing in their market value. With full knowledge of all these facts, Weir delayed to disavow his agent's acts until the 10th day of February, 1873. It is manifest that the delay was unreasonable. It is not explained. Under the circumstances of the case the banking company had the right to disregard the notice of disavowal and insist on having the contract of Bevier carried out.

The judgment of the chancellor is *affirmed.*

*Bullitt, Bullitt & Harris, for appellant.*

*Barnett & Noble, for appellee.*